UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: Van R. Irion, BPR # 024519 )<br>800 S. Gay St., Ste. 700 )<br>Knoxville, TN 37929 )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **FILED UNDER SEAL**<br><br>Case No. 1:24-dm-7<br><br>Chief District Judge<br>Travis R. McDonough<br><br>Chief Magistrate Judge<br>Christopher H. Steger |

**RESPONSE TO RESPONDENT'S OBJECTION TO ORDER DENYING DISCOVERY IN PART**

**Introduction**

Respondent's Objection to Magistrate Steger's Order Denying in part Respondent's Motion for Discovery [Doc. 30] exhaustively recites his repeated complaints about this Court's entry of the Show Cause Order in this matter, but Respondent's Objection does not establish that Magistrate Steger's Order is clearly erroneous or contrary to law as required by Fed. R. Civ. P. 72(a). In fact, nowhere in Respondent's 18-page objection to Magistrate Steger's 6-page Order does Respondent cite to any specific proposed discovery requests and establish how or why Magistrate Steger's Order incorrectly denied Respondent's request. Because the discovery allowed in Magistrate Steger's Order provides the Respondent with the information and material that he needs to prepare for the hearing on the Show Cause Order in this matter, this Court should deny Respondent's objection and allow the Parties to proceed with the ordered discovery.

**Argument**

**A. Respondent conflates a criminal trial with this attorney discipline proceeding authorized by the Court's local rules and misinterprets the holding in *Justice*.**

In Respondent's Objection he cites discovery procedures that apply in criminal matters, and other "In Rem" matters for the proposition that every "dispute" involves at least two opposing parties, but this is not a criminal matter or an "In Rem" matter.[1] Instead this is an action initiated pursuant to this Court's local rules to investigate and attorney's conduct and determine if the Court should impose discipline upon the attorney.[2] Local Rule 83.7 contains no provision that governs discovery, but the Rule does allow for a hearing on a show cause order initiated pursuant to the Rule if requested by the Respondent. Local Rule 83.7 also allows for the Respondent to be represented by counsel at the hearing and to "present witnesses and other evidence, and to confront and cross examine any adverse witnesses."[3] While the Sixth Circuit has stated that attorney disciplinary proceedings are "quasi-criminal" and entitle an attorney facing discipline to "procedural due process", the Sixth Circuit has never held that those procedural due process rights allow for a practitioner subject to sanctions to serve discovery requests to a presiding judge.[4]

In *Justice* the Sixth Circuit upheld the reciprocal disbarment of an attorney by this Court based on the Tennessee Chancery Court's earlier disbarment of the attorney.[5] The attorney appealed and argued that certain deficiencies existed in the Tennessee disbarment and therefore this Court could not rely on the Tennessee disbarment for reciprocal disbarment in the Eastern District of Tennessee.[6] The Sixth Circuit specifically considered the attorney's due process rights in upholding this Court's reciprocal disbarment and held that Tennessee recognizes that quasi-criminal proceedings like attorney discipline hearings require *some* due process protections, but

---

[1] Doc. 35 at PageID # 338.
[2] *See* E.D. Tenn. L. R. 83.7.
[3] E.D. Tenn. L. R. 83.7(i)(3).
[4] *In re Justice*, No. 20-5479, 2021 WL 3808965, at *9 (6th Cir. Aug. 26, 2021).
[5] Id. at *1.
[6] Id. at *2.

not all those required in a criminal trial.⁷ Respondent Irion's argument that the Sixth Circuit's holding in *Justice* establishes that Magistrate Steger's order is contrary to law simply does not square with the holding. In fact, the word "discovery" is only included in the *Justice* opinion when describing the attorney's underlying actions which subjected him to sanctions.⁸ No where in the *Justice* opinion does the Sixth Circuit consider or even discuss discovery requests to a presiding judge served by an attorney subject to sanctions in an attorney discipline proceeding pursuant to Local Rule 83.7. So, the holding in *Justice* does not support Respondent Irion's request for this Court to expand his due process rights in this matter and does not support his request to serve discovery requests wholly unrelated to the issues raised by the Show Cause Order.

**B. Magistrate Steger's Order is not contrary to the law established in the *Moncier* or *Schuchardt* cases.**

Even though Respondent Irion devoted over five pages of his Objection to the *Moncier* and *Schuchardt* cases, nowhere does he dispute that those cases hold exactly what Judge Steger cited them for in his order which is: 1) a judge presiding over an attorney disciplinary matter is not subject to discover, and 2) the imposition of sanctions against a misbehaving attorneys…does not covert a judge into a litigant.⁹

The standard Respondent Irion must meet in obtaining his requested relief from Magistrate Steger's order does not consider whether Respondent Irion *agrees* with the Order or approves of the holdings in *Moncier* and *Schuchardt*. To overturn Magistrate Steger's order, Respondent Irion must establish that Magistrate Steger's order is clearly erroneous or contrary to the law. While Respondent Irion goes to great lengths to attempt to distinguish the facts of the *Monicer* and

---

⁷ Id. at *20 (emphasis in original) citing, *Moncier v. Bd. of Prof. Resp.*, 406 S.W.3d 139, 156 (Tenn. 2013).
⁸ Id. at *2.
⁹ Doc. 30 at PageID # 247.

*Schuchardt* cases from this disciplinary action, his arguments all center around Judge McDonough being his alleged "accuser" and what Respondent Irion describes as violations of the local rules in the initiation of the disciplinary matter and filing of the Show Cause Order. But Respondent Irion fails to acknowledge that this disciplinary action is an inquiry into Respondent Irion's behavior – not Judge McDonough's. As Respondent Irion's Objection addresses, he has submitted a complaint of judicial misconduct regarding the procedures Judge McDonough followed in submitting the show cause order, and Judge McDonough has responded to that complaint.[10] That is the venue for Respondent Irion to address his grievances with the show cause procedures. Respondent Irion's often-repeated grievances with Judge McDonough, Magistrate Steger, and this Court's local rules do not convert this disciplinary action into a venue for him to obtain discovery from Judge McDonough. As addressed herein, Magistrate Steger's Order allows Respondent Irion to obtain the appropriate discovery to understand the nature of the conduct subjecting him to sanctions and provides him with the opportunity to learn the evidence that will be submitted against him in this action. Therefore, Magistrate Steger's Order is appropriately tailored to provide Respondent Irion with discovery that is relevant and proportional to the needs of this action without allowing Respondent Irion to unnecessarily delay or expand the scope of this action. In doing that, Magistrate Steger's Order is not clearly erroneous, or contrary to any law and therefore his Order should stand.

### C. Magistrate Steger's Order provides Respondent Irion with the appropriate discovery to prepare for a hearing and address the issues raised by the Show Cause Order.

Respondent Irion argues that this attorney discipline matter is analogous to a criminal trail and he should be allowed to discover "specifically how the charges arose, what evidence has been obtained by the State, and what witnesses will testify against the accused" but Respondent

---

[10] Doc. 35 at PageID # 350.

Irion does not establish how the discovery allowed by Magistrate Steger's Order falls short of his request.[11] In fact, Magistrate Steger's Order allows Respondent Irion to discovery precisely the information he argues for. As an example, Magistrate Steger's Order requires Undersigned Counsel to respond to interrogatories requesting the following information:

- Identify all Persons who were asked to provide information or Documents or who actually provided any information or Documents in support of any response to any of these Interrogatories, and Identify the information or Documents supplied by each such Person.[12]
- Identify all individuals you claim have personal knowledge of the events that are the subject of the instant disciplinary action. For each, identify the substance of their knowledge.[13]
- Identify any and all experts you have retained or intend to retain in this matter.[14]

By requiring Undersigned Counsel to respond to these interrogatories, Respondent Irion is receiving *more* information that he argues for in his Objection. Not only has Magistrate Steger ordered Undersigned Counsel to identify the individuals that have knowledge of the events subject to this disciplinary matter, but Undersigned Counsel must also identify the substance of their knowledge. So, Magistrate Steger's Order accomplishes Respondent Irion's request and goes further than Respondent Irion asks to ensure that Respondent Irion has the necessary and relevant information he needs to prepare for a hearing in this matter.

Magistrate Steger's Order also requires Undersigned Counsel to produce the following documents to the Respondent:

---

[11] Id. at PageID # 340.
[12] Doc. 21-1 at PageID # 130, Int. #1.
[13] Doc. 21-1 at PageID # 132, Int. #10.
[14] Doc. 21-1 at PageID # 133, Int. #16.

- All Documents used or reviewed by you to respond to the above interrogatories. This request is inclusive of all emails, letters, memos, or other documentation discussing said interrogatories.[15]

- All Documents supporting, refuting, or relating to any factual allegations asserted in the Order to Show Cause that initiated the instant disciplinary matter.[16]

So, Magistrate Steger's Order not only ensures that Respondent Irion knows the identify of the witnesses or individuals that have personal knowledge of the events in the Show Cause Order, but the Order also requires Undesigned Counsel to produce the documents supporting *or refuting* the factual allegations in the Show Cause Order. This means if Undersigned Counsel receives documents that refute the facts in the Show Cause Order, Undersigned Counsel is required to provide those documents to the Respondent. Respondent Irion does not address these requirements of Magistrate Steger's Order and the Objection fails to establish how these requirements fall short of the relevant and proportional discovery needs of this action or how they fail to meet the modest due process requirements established in *Justice*. For these reasons, Magistrate Steger's Order is not clearly erroneous or contrary to the law and his Court should not set aside or modify the Order.

## Conclusion

Even though Respondent Irion cloaks his Objection to Magistrate Steger's Order with citations to legal standards for proportional and relevant discovery needs and due process requirements, there is nothing proportional or relevant about the vast majority of his proposed discovery requests. Instead, Respondent Irion prefers to delay and object to each order in an

---

[15] Doc. 21-1 at PageID # 135, RFP #2.
[16] Doc. 21-1 at PageID # 135, RFP #3.

apparent attempt to air his grievances with this Court whenever and wherever possible. This tactic is a waste of time and resources. The Parties should complete discovery and proceed to the hearing so this Court can determine if there is clear and convincing evidence to establish that Respondent Irion violated the Rules of Professional Conduct or a rule or order of the Court through his actions referenced in the Show Cause Order. Just as this Court observed in the *Moncier* case, permitting a litigant to pursue discovery from the presiding judicial officer in a litigant's case would detract from and make impossible the institutional role that the officer must perform.[17] For these reasons, this Court should deny Respondent's Objection to Magistrate Steger's Order and allow the Parties to move forward with the ordered discovery.

Respectfully submitted,

**PATRICK, BEARD, SCHULMAN & JACOWAY, P.C.**

By: /s/ *Lance W. Pope*
Lance W. Pope, BPR No. 025054
537 Market Street, Suite 300
Chattanooga, Tennessee 37402
Telephone: (423) 756-7117
Facsimile: (423) 267-5032
lpope@pbsjlaw.com

### ECF CERTIFICATE OF SERVICE

I, the undersigned counsel, certify that a true and accurate copy of the foregoing document has been sent to counsel of record in this matter through the Court's ECF system.

Patrick, Beard, Schulman & Jacoway, P.C.

By: /s/ *Lance W. Pope*
Lance W. Pope

---

[17] *In re Moncier*, 550 F. Supp. 2d 768, 795 (E.D. Tenn. 2008).