**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**

IN RE: Van R Irion, BPR # 024519

Case No. 1.24-dm-7

Chief District Judge Travis R. McDonough
Magistrate Judge Christopher Steger

## RESPONDENT'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT

Respondent, Van R. Irion, pursuant to Federal Rule of Civil Procedure 59(e), moves this Court to alter or amend its Memorandum Opinion and Order ("Order") entered on August 4, 2025. This motion asserts five fundamental grounds: (1) the Order contains a clear error of law by concluding Respondent intentionally misled the Court, a finding unsupported by the record; (2) the Order works a manifest injustice, as the proceedings were tainted by judicial overreach and an appearance of bias that denied the Respondent a fair tribunal; (3) the order mandating Respondent to compose apology letters violates the Respondent's right to not self-incriminate; (4) the order mandating Respondent to compose apology letters prior to appeal denies Respondent's right to due process; and (5) the order mandating Respondent to compose apology letters is government-compelled speech, which violates the Respondent's rights protected by the First Amendment.

## LEGAL STANDARD

A motion to alter or amend a judgment under Rule 59(e) serves the narrow but vital purpose of allowing a court to correct its own errors. As the Sixth Circuit held in *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) a court may grant such a motion to correct a clear error of law, to account for newly discovered evidence, to address an intervening change in controlling law, or, critically here, to prevent a manifest injustice. This tool is not an opportunity to re-litigate old matters. Indeed, the Sixth Circuit cautioned in *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) that parties may not

1

use a Rule 59(e) motion to raise arguments that could have been presented prior to judgment. This motion meets that high standard, as it is based on manifest errors of law and an injustice that became undeniable only upon the entry of the Court's Order.

**ARGUMENT**

### I. The Court Committed a Clear Error of Law by Finding Intentional Misconduct Without Clear and Convincing Evidence.

The Order's entire punitive force rests on its central finding that Respondent "intentionally misled" the Court. This is a clear error of law because it is based on a conclusion that the evidentiary record simply cannot support and while the Court found "clear and convincing evidence" the Court fell to consider the following facts in a clear manifest of justice.

The Tennessee Rules of Professional Conduct are precise: the duty of candor toward the tribunal under Rule 3.3(a) is breached only when a lawyer *knowingly* makes a false statement of fact or law to a tribunal. This rule does not punish confusion, negligence, or even incompetence with a finding of dishonesty; it requires actual knowledge of falsity. Rule 3.3: Candor Toward the Tribunal.

The factual record, as detailed in the Court's own Order, depicts not a master of deceit, but a lawyer grappling with complex trust documents and relying on his client's evolving assertions. The narrative shows a series of missteps, clarifications, and ultimately, a full concession at trial once the facts became clear. This conduct provides no basis for the quantum leap required to find intentional deceit. To transform a demonstrated mistake into a finding of a deliberate scheme to mislead the Court is a clear legal error. It improperly substitutes a negligence standard for the required element of scienter and ignores the heavy burden of proof the Court was required to meet.

The Court's finding of "intentional misleading" ignores that Mr. Whiting signed a Declaration stating that "I have served as a trustee for ARD Property Management since the death of my mother-in-law in 2015." Glenn Whiting, and ARD Properties v. City of Athens,

2

et. al, Civil Case No. 3:20-CV-54, Doc. 149, Page ID #'s 2396-2397 (E.D. TN. 2021). The fact that the Minutes of Meeting of the Trustee of ARD Property Management gave Irion as the attorney for ARD Property Management full authority to prosecute the underlying lawsuit. *Id.* Doc. 149, Page ID #: 2460. This Court's "finding of fact" requires a conclusion that attorney Irion KNEW that Whiting was not a Trustee and that he did not have authority under ARD Property Management to pursue the lawsuit. Such a finding is a manifest of justice.

## II.  **The Judgment Must Be Vacated to Prevent Manifest Injustice Stemming from Judicial Overreach and Bias.**

This disciplinary action was initiated and adjudicated by a judge who had already memorialized in a prior judicial opinion his belief that he and a jury had been "burned before by Whiting's sophistry." This statement, imported from a civil case involving Respondent's client, created an insurmountable appearance of bias that constitutes judicial overreach and resulted in a manifest injustice.

A fair trial in a fair tribunal is the bedrock of due process. The Supreme Court has long held, in seminal cases like *In re Ruffalo*, 390 U.S. 544, 551 (1968 ) that this protection is absolute in quasi-criminal attorney disciplinary proceedings. This principle requires more than just the absence of actual bias. As the Court explained decades ago in *In re Murchison*, 349 U.S. 133, 136 (1955) our system of law is designed to prevent even the probability of unfairness, because justice must always "satisfy the appearance of justice.

Federal law and the Code of Conduct for United States Judges exist to protect this fundamental promise. A judge *must* disqualify himself in any proceeding where his impartiality might reasonably be questioned, a mandate codified in 28 U.S.C. § 455(a). Canons 2A and 3(A)(3) of the Code of Conduct for United States Judges reinforce this command, obligating a judge to act in a manner that promotes public confidence in the judiciary's impartiality and to perform all duties without bias or prejudice.

3

While judges necessarily form opinions during proceedings, the Supreme Court in *Liteky v. United States*, 510 U.S. 540, 555 (1994) drew a bright line: recusal is required when judicial remarks reveal a "deep-seated favoritism or antagonism that would make fair judgment impossible. A judge's prior declaration of having been burned by an attorney's client is the very definition of the deep-seated antagonism the Supreme Court warned against. It broadcast a pre-formed narrative of deceit and bad faith before this disciplinary proceeding ever began. No reasonable observer could believe that a judge who already felt personally "burned" could then sit as a neutral arbiter. The Court's reference to its past experience was not a mere expression of frustration; it was an admission of a pre-existing bias that tainted this entire proceeding and made a fair judgment impossible. Adjudicating this matter under such a cloud of prejudice constitutes judicial overreach and resulted in a manifest injustice that Rule 59(e) was designed to prevent.

### III. Mandating an Apology Before Appeal Denies Due Process.

Respondent has been unable to find a single previous disciplinary action that required an attorney to apologize for actions the attorney denies happened, prior to full appellate review. Typically, when apologies are required in court orders they are mandated as part of an agreed settlement of the claims. Alternatively, courts have mandated that apology letters be included prior to early reinstatement. *See In re Moncier*, 550 F.Supp. 2d 768, 813 (E.D.Tenn. 2008); *See also In re McCann*, 669 A.2d 49, 59 (Del. 1995) (requiring letters of apology to complainants and any other injured parties as a condition of reinstatement); *Stewart v. Miss. Bar*, 969 So. 2d 6, 14 (Miss. 2007) (ordering lawyer, prior to reinstatement, to write letter of apology to former clients); *In re Benavidez*, 808 P.2d 612, 614 (N.M. 1991) (requiring letter of apology to clients before reinstatement); *Office of Disciplinary Counsel v. Nicholson*, 685 N.E.2d 1234, 1235 (Ohio 1997) (requiring public apology to judge and prosecutor prior to reinstatement); *In re Schuchardt*, No. 3:18-MC-39, 2019 WL 6716992, at *11 (E.D. Tenn. Dec. 10, 2019).

4

In the instant matter this Court ordered attorney Irion to apologize, not only to the Court, but also to the many government officials of Athens, Tennessee, who violated Mr. Whiting's rights. Additionally, the order requires Irion to draft said apologies and file them with the Court before the deadline for appeal and before the deadline for filing the instant motion. In other words, the Court's order compels attorney Irion to draft and file a document that would substantively contradict the arguments Irion intends to raise on appeal. Doing so would effectively eliminate Irion's right to unbiased appellate review.

Further, this Court's order requires attorney Irion to admit facts that Irion knows to be false. In other words, because it found Irion to be "intentionally misleading" the court, this Court has ordered attorney Irion to file documents that he would KNOW to contain false statements of fact. Here, the district court exceeded its equitable power when it ordering Respondent to apologize. *See Woodruff v. Ohman*, 29 Fed.App. 337, 346 (6th Cir. 2002) ("[T]he district court exceeded its equitable power when it ordered [defendant] to apologize."); *Thompson v. Sholar*, No. 5:19-CV-P197-TBR, 2020 U.S. Dist.LEXIS 51648 at *7-8 (W.D. Ky. Mar.25, 2020) (noting that court "was not commissioned to run around getting apologies."); *Kitchen v. Essex Cty. Corr. Facility*, No. 12-2199, 2012 U.S. Dist. LEXIS 77356, at *10-11 (D. N.J. May 31, 2012) (apology is not cognizable remedy "either within the meaning of a §1983 action or as a general legal remedy.").

## IV. Mandating an Apology Denies the Right to Not Self-Incriminate

Similarly, the Fifth Amendment to the U.S. Constitution prohibits government agents from requiring anyone to self-incriminate. U.S. Const. amend IV.

## V. Mandating an Apology is Government-Compelled Speech in Violation of the First Amendment.

As the Supreme Court has noted, the First Amendment protects the decision of both what to say and what *not* to say. *Riley v. Nat'l Fed'n of the Blind of N.C.*, 487 U.S. 781, 790-

5

791; 796-97 (1988). Because a forced apology involves making a litigant say something he does not wish to say, it implicates the compelled speech doctrine. *State v. K.H.-H*, 374 P.3d 1141, 1142-3 (Wash. June 23, 2016); *See also*, *Affirmative Action Party (DAAP) v. Regents of Univ. of Cal.*, No. 16-CV-01575-VC, 2016 U.S. Dist. LEXIS 60085, at *2 (N.D. Cal. May 4, 2016) (noting that court-ordered apology would almost certainly be a First Amendment violation.).

In order to overcome Constitutional scrutiny, the Court must show that the compelled speech serves a compelling state interest that cannot be achieved through means significantly less restrictive of associational freedoms. *Janus v. AFSCME*, 585 U.S. 878, 894; 138 S. Ct. 2448, 2464-5 (2018) (*citing to Knox v. SEIU*, 567 U.S. 298 (2012).

In the instant case the Court's order does not assert any compelling interest, nor does it discuss less restrictive means of achieving whatever compelling interest it is pursuing.

## CONCLUSION

Pursuant to Fed. R. Civ. P. Rule 59(e) and the controlling Sixth Circuit authority—*Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (allowing amendment of a judgment to correct a clear error of law or prevent manifest injustice) and *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (restricting such motions to issues that could not have been raised earlier)—the Court is obligated to set aside the August 4, 2025 Order. The Order suffers from a cumulative series of constitutional and procedural defects:

1. **Clear error of law** – the finding of "intentional misleading" was unsupported by clear-and-convincing evidence and misapplied Rule 3.3 of the Tennessee Rules of Professional Conduct;

6

2. **Manifest injustice** – the judge's prior statements evidencing personal animus created a clinical appearance of bias, violating 28 U.S.C. § 455(a) and the due-process guarantees articulated in *In re Murchison*, 349 U.S. 133 (1955);

3. **Due-process violations** – conditioning the right to appeal on the filing of apology letters deprives Respondent of a fair opportunity to be heard;

4. **Self-incrimination** – the compelled apologies force Respondent to make statements he reasonably believes are false, contrary to the Fifth Amendment;

5. **Compelled speech** – the order infringes the First Amendment by mandating speech that is not narrowly tailored to a compelling governmental interest.

Each of these deficiencies independently, and together, constitute the "manifest injustice" that Rule 59(e) is designed to remedy. Accordingly, Respondent respectfully requests that the Court:

- vacate the August 4, 2025 Memorandum Opinion and Order in its entirety;

- dismiss the sanctions imposed therein; and

- in the alternative, remand the matter to a different magistrate or district judge for a new, impartial hearing on the merits.

Such relief is squarely supported by statutory authority, controlling precedent, and the constitutional guarantees that safeguard fair judicial proceedings.

Respectfully submitted,

s/Russ Egli
Russ Egli, BPR#24408
The Egli Law Firm
Attorney for the Respondent
11109 Lake Ridge Drive, FL3
Knoxville, TN 37934
865-304-4125
theeglilawfirm@gmail.com

7

**CERTIFICATE OF SERVICE**

I, the undersigned authority certify that this sealed filing has been send to Lance Pope, Esq. by electronic transmission through this Court's ECF filing system on the 25th day of August 2025.

s/Russ Egli
Russ Egli, BPR#24408
The Egli Law Firm
Attorney for the Respondent
