UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

|  |  |  |
|---|---|---|
| IN RE: Van R. Irion, BPR # 024519<br>800 S. Gay St., Ste. 700<br>Knoxville, TN 37929 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:24-dm-7<br><br>Chief District Judge<br>Travis R. McDonough<br><br>Chief Magistrate Judge<br>Christopher H. Steger |

# ORDER

Before the Court is Respondent's motion to alter the Court's order resolving this matter (Doc. 120). Respondent contends that: (1) the Court erroneously concluded that Respondent intentionally misled the Court in *Whiting v. Trew, et al.*, Case No. 3:20-cv-54 (hereinafter "*Trew*"); (2) the Court denied him a fair tribunal; and (3) that it is unconstitutional for the Court to order him to draft an apology to the parties affected by his misconduct. (*See* Doc. 120.)

"Under [Federal Rule of Civil Procedure 59(e)], a court may alter the judgment based on: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)) (internal quotations omitted). "Rule 59(e) cannot be 'used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Farmer v. Branstetter*, No. 3:23-CV-303, 2023 WL 6303009, at *1 (E.D. Tenn. Sept. 27, 2023) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)), *appeal dismissed*, No. 23-5926, 2024 WL 1640055 (6th Cir. Feb. 26, 2024).

1

Respondent's first argument does not present a valid basis for reconsideration. He contends that there was insufficient evidence to support the Court's finding that he knowingly misrepresented facts relevant to his client's status as a trustee or beneficiary in *Trew*. (*See* Doc. 120, at 1–3.) However, the Court did not hold that Respondent knowingly misrepresented any facts in *Trew*. Rather, it found that "the evidence clearly and convincingly establishe[d] that Respondent did not adequately investigate the facts in *Trew*," (Doc. 114, at 57), and that such conduct violated Tennessee Rules of Professional Conduct 1.1, 1.3, 3.1, and 8.4(d). (*Id.* at 59.) Thus, Respondent misstates the Court's holding and presents no basis for reconsideration.

Respondent's second argument also fails to justify reconsideration. Respondent contends that the undersigned's prior observation that the "Court and its jurors . . . have been burned before by [Respondent's client's] sophistry" (Doc. 81, at 9 n.6 in Case No. 3:23-cv-2) created an "insurmountable appearance of bias that constitutes judicial overreach and resulted in a manifest injustice." (Doc. 120, at 3.) Both this Court and the Sixth Circuit have addressed this argument. *See* (Doc. 103 in Case No. 3:23-cv-2); *Whiting v. City of Athens*, No. 23-6082, 2024 WL 3537651, at *3 (6th Cir. July 25, 2024) (upholding the Court's denial of the motion to recuse and concluding that "[t]he footnote that serves as the basis for Whiting's motion . . . is based entirely on the court's prior interactions with counsel in related proceedings"); *see also* (Doc. 7-2 in 6th Cir. Case No. 24-6149). Once again, the Court holds that its observation did not show bias warranting recusal in Case No. 3:23-cv-2, and it does not demonstrate bias warranting reconsideration here.

Finally, Respondent's arguments concerning the apology letter do not support reconsideration. As Respondent acknowledges, requiring apology letters following attorney misconduct is nothing new. *See* (Doc. 120, at 4); *In re Moncier*, 550 F. Supp. 2d 768, 813 (E.D.

2

Tenn. 2008); *In re Schuchardt*, No. 3:18-MC-39, 2019 WL 6716992, at *18 (E.D. Tenn. Dec. 10, 2019). The Court's instruction for Respondent to submit a draft apology was intended to provide him yet another opportunity to acknowledge and turn away from his unprofessional conduct. The Court has no intention of holding Respondent in contempt or compelling him to say something he does not want to say. But the fact that Respondent has no desire to offer an apology gives the Court meaningful insight into whether he has the character to be entrusted with the privilege of practicing law.

Following any appeal, as in *Moncier* and *Schuchardt*, the Court will consider Respondent's apology or the lack thereof when evaluating any application for reinstatement. *See Moncier*, 550 F. Supp. 2d at 813; *Schuchardt*, 2019 WL 6716992 at *18. Naturally, a timely, sincere apology will more meaningfully support a reinstatement application than a belated, forced one will. If Respondent wants to offer an appropriate apology, he is welcome to do so. If not, he is welcome to refrain from doing so. Either way, the Court will consider the timeliness or delay of any apology in the event Respondent petitions the Court for reinstatement.[1]

For the foregoing reasons, Respondent's motion to alter the Court's order resolving this matter (Doc. 120) is **DENIED**.

    **SO ORDERED.**

                                                             /s/ *Travis R. McDonough*
                                                             **TRAVIS R. MCDONOUGH**
                                                             **UNITED STATES DISTRICT JUDGE**

---

[1] Respondent again misstates the Court's order by claiming he was ordered to apologize to the Court. (*See* Doc. 120, at 5.) The Court explained that Respondent's apology should be directed at the parties he harmed with his misconduct, not the Court itself or the undersigned. (*See* Doc. 114, at 78–79.)