UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| IN RE: Van R. Irion, BPR #024519 ) | |
| 800 S. Gay Street ) | Case No. 1:24-dm-00007-TRM-CHS |
| Suite 700 ) | |
| Knoxville, Tennessee 37929 ) | |
| ) | |

## REPORT AND RECOMMENDATION

This matter is before the undersigned upon referral under 28 U.S.C. § 636(b). On August 15, 2025, Chief District Judge Travis R. McDonough entered an order which states:

> On August 4, 2025, the Court entered an order resolving this disciplinary matter. (*See* Doc. 114.) Therein, the Court assessed Respondent "the costs incurred by the Court in this proceeding, including attorneys' fees paid to Patrick, Beard, Schulman, and Jacoway, PC, court reporting costs, amounts paid to outside vendors, and any other costs borne by the Court." (*Id.* at 77–78.) Any matters pertaining to this assessment of costs are hereby **REFERRED** to Chief Magistrate Judge Steger pursuant to 28 U.S.C. § 636(b).

[Doc. 117].

Local Rule 83.7(k) states:

> Any attorney who is disciplined pursuant to this Rule may be directed by the Court to pay all or part of the fees and expenses incurred by the Court and/or by any counsel appointed by the Court to investigate allegations of misconduct and/or to prosecute or defend the disciplinary proceedings.

Therefore, under Local Rule 83.7(k) and Chief Judge McDonough's order, the undersigned is charged with the responsibility of weighing the proper assessment of fees incurred by the Court that should be charged to Respondent. The Court notes that, at the outset of this disciplinary proceeding, Chief Judge McDonough appointed Attorney Lance Pope and his law firm, Patrick Beard, Schulman & Jacoway, PC, "to investigate allegations of misconduct on the part of Van Irion, Esq., as well as to prosecute any disciplinary proceedings [and] respond to any filings by Mr. Irion . . . ." [Doc. 2]. In the course of this matter, Attorney Pope and the law firm Patrick,

Beard, Schulman, and Jacoway, PC, properly documented $91,503.66 in fees and expenses in connection with the handling of this matter.

The Court finds that such fees and expenses are reasonable considering the duration and complexity of this proceeding. The Court notes that the handling of what should have been a straightforward attorney discipline matter was greatly complicated and delayed by the recalcitrance and stonewalling tactics engaged in by Respondent and his counsel, Russ Egli. As a result, the total for fees and expenses in this case was significantly increased by Respondent's own conduct. [*See, e.g.,* Doc. 114 at 29-43, 74-75]. Nonetheless, the Court reduced the payment of fees and expenses to Patrick, Beard, Schulman, and Jacoway, PC, to a total of $75,000.00 (for a reduction of $16,503.66).

Therefore, it is hereby **RECOMMENDED**[1] that Respondent **SHALL PAY** to the Court the sum of $75,000.00 to reimburse the Court for the fees and expenses it incurred to obtain information necessary to reach a determination of the attorney disciplinary proceeding pending against Respondent Van Irion.

**ENTER**.

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a forfeiture of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).